IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SPECK,
    Petitioner

v.

BRIAN H. THOMPSON, et al.
    Respondents

CIVIL NO. 1:12-CV-0696

(Judge Caldwell)

*M E M O R A N D U M*

The pro se petitioner, William Speck, has filed a petition under 28 U.S.C. § 2254. According to the prison mailbox rule, the petition was filed on April 8, 2012. It challenges Speck's 2006 conviction in the Court of Common Pleas of Lackawanna County, Pennsylvania, for forgery and simple assault, after a plea of guilty. In January 2007, he was sentenced to three to seven years of imprisonment. The petition presents two claims of trial counsel ineffectiveness: (1) counsel was ineffective in advising Petitioner to plead guilty; and (2) counsel was ineffective at the guilty-plea colloquy.

It appeared to the court that the petition was untimely, so we requested an answer from Respondents dealing solely with that issue. Respondents complied and have argued that the petition is indeed untimely. After a review of the parties' submissions, we decide that we cannot determine at this stage of the proceedings whether the petition is time-barred or not.

As Petitioner points out, he timely pursued postconviction relief in the state courts under the Pennsylvania Post Conviction Relief Act (PCRA). 42 Pa. Con. Stat.

Ann. §§ 9541-9546. On August 26, 2010, the trial court denied the PCRA petition. *Commonwealth v. Speck*, No. CP-35-CR-988-2006. No notice of appeal appears on the docket. However, according to Petitioner, he attempted to take a timely appeal from the trial court's order by sending a notice of appeal to the Clerk's Office on September 21, 2010, but that the Clerk did not file the notice. As a result, Petitioner filed a petition with the trial court on May 3, 2011, to file an appeal nunc pro tunc.[1] That petition is still pending, and Petitioner argues that his federal petition is thus timely because the nunc pro tunc petition tolls the running of the limitations period under 28 U.S.C. § 2244(d)(2).

Under section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction relief . . . with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." It appears that Petitioner's petition to appeal nunc pro tunc the order of the trial court denying his PCRA petition is a properly filed application for state postconviction relief. Whether designated as a petition or a letter, the filing is to be treated as a second PCRA petition. *Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. Ct. 2002). *See also Commonwealth v. Morales*, 605 Pa. 254, 988 A.2d 1287 (2010)(dismissing petition to file a notice of appeal nunc pro tunc and observing that "[t]o the extent that Petitioner seeks reinstatement *nunc pro tunc* of his right to appeal to the Superior Court

---

[1] A docket entry for July 11, 2011, describes a letter being filed "petitioning to file nunc pro tunc due to clerk of courts delay in timestamping appeal."

-2-

from the Post Conviction Relief Act ("PCRA") court's order, the proper vehicle to make that request, if any, is a subsequent PCRA petition filed in the PCRA court").

Of course, if the trial court dismisses the nunc pro tunc petition as untimely, that is the end of the matter as far as we are concerned, and the 2254 petition must be dismissed as untimely. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). However, until the state courts so rule, we cannot say that the petition is untimely. It follows that for the time being the limitations period has been tolled, and we cannot dismiss the 2254 petition on the basis of the statute of limitations.

Our conclusion raises another issue. The nunc pro tunc petition has been pending now for over two years. Individuals challenging state-court criminal convictions must first exhaust their state-court remedies. 28 U.S.C. § 2254(b)(1)(A). However, exhaustion can be excused when there has been inordinate delay in the state-court proceedings. *Gerber v. Varano*, 512 F. App'x 131, 134 (3d Cir. 2013)(nonprecedential). Petitioner may seek to excuse exhaustion, but we express no opinion on whether such a motion would succeed.

We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

August 12, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SPECK,
    Petitioner

v.

BRIAN H. THOMPSON, et al.
    Respondents

CIVIL NO. 1:12-CV-0696

(Judge Caldwell)

*O R D E R*

AND NOW, this 12th day of August, 2013, upon consideration of the answer (Doc. 8) to the 2254 petition, requesting that the 2254 petition be dismissed as untimely, it is ordered that:

    1. The request is DENIED without prejudice.

    2. Respondents need not respond on the merits until further order of court.

    3. Petitioner shall notify the court within thirty (30) days of any court orders entered in connection with his nunc pro tunc petition.

                                       /s/ William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge