UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SPECK, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 1:CV-12-0696 |
| | : | |
| BRIAN H. THOMPSON, *et al.*, | : | (Judge Caldwell) |
| | : | |
| Respondents | : | |

*M E M O R A N D U M*

I.   *Introduction*

On April 8, 2012, the pro se petitioner, William Speck, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Speck is challenging his 2006 convictions in the Court of Common Pleas of Lackawanna County, Pennsylvania, for forgery and simple assault, after a plea of guilty.  In January 2007, he was sentenced to three to seven years of imprisonment.  The petition presents two claims of trial counsel ineffectiveness: (1) counsel was ineffective in advising Petitioner to plead guilty; and (2) counsel was ineffective at the guilty-plea colloquy.

Upon an initial review of the petition, the court requested that Respondents address whether the petition was barred by the one-year statute of limitations. Respondents argued that the petition was indeed untimely and asked that it be dismissed. By memorandum and order dated August 12, 2013, we denied that request, concluding that we could not decide the limitations issue when the trial court had not resolved Petitioner's then pending petition to file an appeal *nunc pro tunc* from that court's denial of his postconviction petition.  On November 23 2013, the trial court issued an order denying the *nunc pro tunc* petition.

We therefore revisit the issue of the timeliness of the instant 2254 petition. For the reasons set forth below, the habeas petition will be dismissed as untimely.

II.     *Background*

On September 15, 2006, Speck pled guilty to forgery and simple assault in the Court of Common Pleas of Lackawanna County, Pennsylvania.[1]  On January 4, 2007, he was sentenced to an aggregate term of three to seven years' imprisonment.  On January 11, 2007, Speck filed a motion for reconsideration of sentence. On January 26, 2007, that motion was denied.  No direct appeal was filed.

On December 18, 2007, Speck filed a timely petition under the Pennsylvania Post Conviction Relief Act (PCRA).  42 Pa. Cons. Stat. Ann. § 9541-9546.  On August 26, 2010, the trial court denied the petition.[2]  No notice of appeal appears on the docket.

Speck alleges that on September 27, 2010, he filed a petition to proceed *in forma pauperis* and an application for court records.  (Doc. 10, ECF p. 2; *see also* Docs. 10-2 and 10-3).[3]  These documents were mailed to Mary F. Rinaldi, Clerk of Judicial Records Criminal Division.  They were date stamped by Ms. Rinaldi's office on November

---

[1] The court takes judicial notice of the trial court's docket sheets in *Commonwealth v. Speck*, No. CP-35-CR-988-2006 and No. CP-35-CR-991-2006 available via Pennsylvania's Unified Judicial Docket System docket research at: http://ujsporta.pacourts.us.

[2] We note that counsel had been appointed to represent Petitioner on the PCRA petition. Counsel filed an application to withdraw, after submitting a no-merit letter pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) and *Commonwealth v. Turner*, 518 Pa. 491, 544 A.3d 927 (1981).  The trial court granted that motion.

[3] Contrary to Speck's adamant assertion that he did not mail his notice of appeal and his request to proceed *in forma pauperis* on the same day, the cover letter of his second September filing is also dated September 21, 2010, and not September 27, 2010.  *See* Doc. 10-2.  It is interesting to note that the documents referenced in the cover letter are dated September 27, 2010. *See* Docs 10-3, ECF pp. 1-2 and 4.

-2-

18, 2010. These documents were docketed on March 1, 2011. *See Commonwealth v. Speck*, CP-35-CR-0000988-2006 (Ct. Com. Pl. Lackawanna Cnty.). A copy of the docket sheet was forwarded to Speck at his request on May 12, 2011. (*Id.*)

On July 11, 2011, the trial court docketed a letter from Speck requesting allowance to file a *nunc pro tunc* appeal of the denial of his PCRA petition due "to clerk of courts delay in timestamping appeal." (*Id.*).[4] In the instant proceedings, Speck avers that he attempted to take a timely appeal from the PCRA court's denial of his PCRA. (Doc. 10, Traverse). He asserts that on September 21, 2010, he mailed a notice of appeal and request for transcript, complete with a certificate of service to the Lackawanna County Clerk of Courts. (*Id.*; *see also* Doc. 10-1, Ex. A, ECF pp. 1-2).[5] As noted, no notice of appeal appears on the docket.

On October 31, 2013, the trial court docketed Speck's application for copies of specified filings from the docket. (*Id.;* see also Doc. 16, Resp't Resp. to Mot. for Order Granting Relief, ECF pp. 5-9.)

On November 20, 2013, the trial court issued the following order on Petitioner's request to appeal nunc pro tunc and his October 31, 2013, application:

> AND NOW, this 20th day of November, 2013, it is hereby ORDERED and DECREED that the Defendant's pro se Petition requesting Nunc Pro Tunc "Notice of Appeal" is DENIED. **Pennsylvania Rule of Criminal Procedure 907(4)** states: "when the petition is dismissed without a hearing, the judge

---

[4] Petitioner represents that he filed this document on May 3, 2011.

[5] It appears that Speck did not send Ex. A to the Lackawanna County Clerk of Courts, but rather to the Lackawanna County Court Administrator. The document bears a November 18, 2010, date stamp from the Clerk of Judicial Records Criminal Division. *See* Doc. 10-2, Ex. A, ECF pp. 1-2.

> shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time within which the appeal must be taken." The Defendant's Post Conviction Relief Petition was denied by this Court on August 26, 2010. At that time the Defendant was provided with accurate information regarding the time requirements for filing a notice of appeal.
>
> Pursuant to **Pa. R. Crim. P. 903(a)** the Defendant had thirty (30) days from August 26, 2010 to file his notice of appeal. The Defendant filed the current motion on October 31, 2013. The Defendant's motion was clearly untimely. Despite the Defendants' untimeliness, the Defendant has not shown sufficient cause to excuse a late filing, such as extraordinary circumstances. **See *Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003)(merely designating motion as motion nunc pro tunc is not enough to show sufficient cause).

(Doc. 16, ECF p. 11)(emphasis in original).

Speck did not appeal the trial court's order denying his request to file a *nunc pro tunc* notice of appeal. *See Commonwealth v. Speck*, CP-35-CR-0000988-2006 (Ct. Com. Pl. -- Lackawanna Cnty.).

The instant petition was filed on April 8, 2012, pursuant to the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988).

III.   *Discussion*

    A.   *Statutory Framework*

Pursuant 28 U.S.C. § 2244(d), federal habeas corpus petitions are subject to a one-year statute of limitations. In relevant part, section 2244(d) provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

-4-

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1)(A); *see generally, Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999).  This language applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought.  *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).  It also applies to the right to seek certiorari review in the United States Supreme Court so that if review is sought in the state's highest court, the judgment does not become final until the ninety-day period for seeking certiorari review expires, even if such review is not sought.  *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013)(citing *Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012)).[6]

The limitations period is subject to equitable tolling, *Jenkins*, 705 F. 3d at 88-89, and statutory tolling.  *Id.* at 85.  Statutory tolling occurs during the period of time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . ." 28 U.S.C. § 2244(d)(2); *Swartz*, 204 F.3d at 419.  A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place for filing."  *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).  A PCRA petition that is filed untimely is not "properly filed" so as to suspend the running of the limitations period, see *Pace v. DiGuglielmo*, 544

---

[6]  If a petitioner does seek certiorari review, "the judgement becomes final . . . when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari*." Gonzalez*, ___ U.S. at ___, 132 S.Ct. at 653.

-5-

U.S. 408, 417, 125 S. Ct. 1807, 1814, 161 L.Ed.2d 669 (2005), and whether a state petition was untimely is a matter of state law that cannot be reconsidered by a federal habeas court. *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006)("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.")(internal quotations omitted).

Statutory tolling applies to those periods when an application for discretionary review is pending in state appellate court from the denial of post conviction relief, *see Kindler v. Horn*, 542 F.3d 70, 77 n. 5 (3d Cir. 2008) (noting that the petitioner's PCRA petition was pending at least through the date the Pennsylvania Supreme Court denied his petition for review), *rev'd on other grounds*, *Beard v. Kindler*, 558 U.S. 53, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). But a PCRA petition filed after the expiration of the inmate's limitations period cannot trigger statutory tolling that might render a § 2254 habeas petition timely. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004)(finding that regardless of whether petitioner's PCRA petition was timely or untimely, it had no tolling effect because *inter alia*, "the limitations period had already run when it was filed").

B. *Calculation of Petitioner's Limitations Period Indicates his Petition is Time-Barred*

In Pennsylvania, a defendant has thirty days from the date of his sentencing to file a direct appeal with the Pennsylvania Superior Court. *See* 42 Pa. Con. Stat. Ann. § 9545(b)(3); Pa. R. App. P. 903; Pa. R. Crim. P. 720(a)(3). Petitioner's post-sentence motion for reconsideration of his sentence was denied on January 26, 2007, so his time for

-6-

pursuing a direct appeal expired on February 26, 2007.[7] The one-year period for the statute of limitations thus started running on February 26, 2007, and Speck had until February 26, 2008, to file a timely 2254 petition. His federal petition, filed April 8, 2012, is therefore untimely –- unless the limitations period was either statutorily or equitably tolled.

On December 18, 2007, Speck filed a timely PCRA petition,[8] thereby tolling the statute of limitation, and leaving him with seventy days of the one-year filing period remaining.[9] The PCRA court denied Speck's PCRA petition on August 26, 2010. Again, Speck had thirty days to file an appeal with the superior court.[10] He did not do so. Accordingly, his one-year statute of limitations commenced running again as of September 27, 2010, and expired on December 6, 2010. Even considering statutory tolling, Speck's April 8, 2012, habeas petition is untimely.

We recognize that Speck has argued that he attempted to file a timely notice of appeal from the denial of his PCRA petition but that the state court failed to properly docket it. However, as previously noted, on November 20, 2013, the state court denied Speck's *nunc pro tunc* petition for appeal, which raised the alleged failure to docket the appeal, as untimely. We are bound by the state court's ruling in that regard, which means

---

[7] February 25, 2007, was a Sunday, so the filing deadline for Speck's direct appeal became February 26, 2007. See Pa. R. App. P. 107; 1 Pa. Con. Stat. Ann. § 1908.

[8] State law is similar to federal law in allowing a PCRA petitioner one year to file a PCRA petition from the date the judgment becomes final, generally defined as the conclusion of direct review, including discretionary review in the appellate courts, or the expiration of the time for seeking such review. *See* 42 Pa. Con. Stat. Ann. § 9545(b)(1) and (3).

[9] At that point, 295 days of the limitations period had run (February 27, 2007, to December 18, 2007).

[10] September 25, 2010, was a Saturday, so Speck's filing deadline for his PCRA appeal was extended to September 27, 2010. See Pa. R. App. P. 107; 1 Pa. Con. Stat. Ann. § 1908.

that the *nunc pro tunc* petition provides no basis for statutory tolling.  Moreover, as Respondent points out, the exact filing date of that *nunc pro tunc* petition (either May or July 2011) does not matter as it was filed after the federal limitations period had run.  *Long*, 393 F.3d 394-95.

IV.    *Certificate of Appealability*

The court will issue an order dismissing Speck's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 as time-barred.  The order will also deny a certificate of appealability based on the analysis in this memorandum.  However, Speck is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the Court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the appropriate court of appeals.  *See* Fed. R. App. P. 22; 3d Cir. L.A.R. 22.1.

We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: July 14, 2014